UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMBER Z.,

                        Plaintiff,

v.                                                          5:17-CV-0956
                                                               (TWD)
COMM'R OF SOC. SEC.,

                        Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

CONBOY, MCKAY, BACHMAN & KENDALL, LLP      PETER L. WALTON, ESQ.
407 Sherman Street
Watertown, NY 13601-9990

U.S. SOCIAL SECURITY ADMIN.                      ARIELLA R. ZOLTAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Amber Z. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 11 and 12.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted. The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1982, making her 32 years old at the application date and 34 years old at the date of the ALJ's decision. She completed the twelfth grade and has previous work as a caretaker, cashier, and cleaner. At the initial application level, Plaintiff alleged disability due to back pain, depression, anxiety, and migraines.

### B. Procedural History

Plaintiff applied for Supplemental Security Income on May 21, 2014. Her application was initially denied on October 21, 2014, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). She then appeared before ALJ Marie Greener on March 30, 2016. (T. 264-84.)[1] On May 4, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 227-43.) On July 3, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-7.)

### C. The ALJ's Decision

In her decision, the ALJ made the following determinations. (T. 232-38.) First, Plaintiff has not engaged in substantial gainful activity since May 21, 2014, the application date. (T. 232.) Second, Plaintiff's lumbar and thoracic degenerative disc disease ("DDD"), right knee osteoarthritis, and obesity are severe impairments. (T. 223.) Third, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed

---

[1] The Administrative Transcript is found at Dkt. No. 6. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"), specifically considering Listing 1.00 (musculoskeletal system). (T. 234.) Fourth, Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work and, specifically, she can lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently, can sit for up to six hours in an eight-hour workday, and can stand/walk for up to six hours. (T. 235.) Fifth, Plaintiff is unable to perform any past relevant work. (T. 237.) Finally, there are jobs existing in significant numbers in the national economy Plaintiff can perform. (T. 237-38.) The ALJ therefore concluded Plaintiff is not disabled.

### D. The Parties' Briefings on Their Cross-Motions

#### 1. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff makes three arguments in support of her motion for judgment on the pleadings and her general contention that the ALJ's findings are not supported by substantial evidence. (Dkt. No. 11 at 13-22.[2]) First, Plaintiff argues the ALJ erred in weighing the medical opinions of record. (*Id*. at 14-19.) Specifically, Plaintiff contends the opinion of Plaintiff's treating orthopedic physician Edward Powell, M.D., should have been given controlling weight because it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, including the findings by consultative examiner Jerome Cuyler, M.D., and it is consistent with other substantial evidence in the case record.

Further, Plaintiff argues consultative examiner Dr. Cuyler's opinion is vague, making it difficult to comprehend how it differs from Dr. Powell's opinion or how Dr. Cuyler's opined limitations would be less restrictive than those opined by Dr. Powell. (*Id*. at 17.) Ultimately,

---

[2] Page references to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's office.

Plaintiff contends Dr. Cuyler's opinion is consistent with Dr. Powell's opinion, Dr. Cuyler's examination findings, and the ability to perform less than a full range of sedentary work. (*Id*.)

Second, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence because the opinions of Dr. Powell and Dr. Cuyler do not support the ALJ's RFC finding that Plaintiff can perform light work. (*Id*. at 19-21.) Plaintiff also asserts the fact that treating physician Ivan Montalvo-Otano, M.D., would not submit a medical source statement does not support the ALJ's inference that this was due to a lack of limitations. (*Id*.) Plaintiff notes Dr. Montalvo-Otano explicitly explained that it was his practice's policy not to do anything about disability or related paperwork. (*Id*.)

Third, Plaintiff argues the ALJ erred in failing to procure testimony from a vocational expert ("VE") because her disability claim includes both exertional and non-exertional impairments. (*Id.* at 21-22.) She claims there is ample evidence to support the diagnosis of generalized anxiety disorder and major depressive disorder. (*Id*.) Plaintiff also asserts that, although a recent assessment indicated her psychiatric and cognitive problems do not appear to be significant enough alone to interfere with her ability to function on a daily basis, her combined mental and physical impairments can result in excessive absenteeism and time-off task as well as an inability to perform at a consistent pace without a reasonable number and length of rest periods. (*Id*. at 22.) Thus, there is a question regarding her abilities when combining her exertional and non-exertional limitations and, therefore, the ALJ was mandated to leave that assessment to a VE. (*Id*.)

### 2. Defendant's Motion for Judgment on the Pleadings

Defendant makes several arguments in support of her motion for judgment on the pleadings. (Dkt. No. 12 at 2, 6-11.) First, Defendant argues the ALJ's RFC finding is supported

4

by the totality of the evidence, including objective medical studies, Dr. Cuyler's findings and opinion, Plaintiff's own statements regarding her symptoms and daily activities, and treatment notes from Dr. Powell, neurologist Samah Mohiuddin, M.D., consulting neurologist Ross Moquin, M.D., and pain management specialists Lynn Barber, N.P., and Dr. Montalvo-Otano. (*Id*. at 6-9.) Defendant also contends the ALJ's RFC determination was consistent with Plaintiff's statements in the record regarding her level of functioning, and the RFC for light work was consistent with Plaintiff's reported activities. (*Id*. at 10-11.)

Second, Defendant argues the ALJ properly weighed the medical opinion evidence. (*Id*. at 11-15.) Specifically, Defendant contends the ALJ reasonably concluded that Dr. Powell's opinion was not consistent with the totality of the evidence, including treatment notes throughout the record, Plaintiff's relatively routine treatment course, Plaintiff's September 2014 statement to NP Barber that she had been returned to work with lifting limitations, and evidence in the record that she was working in 2015. (*Id*. at 12-13.) Therefore, the opinion was not entitled to controlling weight. (*Id*.) Defendant also notes Dr. Powell's opinion is not supported by his own examination findings and he did not record any clinical findings in a June 17, 2014, treatment note that supported his restrictive opinion of the same date. (*Id*. at 13.) Additionally, Dr. Cuyler's opinion is not consistent with Dr. Powell's and the opinion of a consultative examiner like Dr. Cuyler can constitute substantial evidence in support of the ALJ's determination if supported by the evidence of record. (*Id*. at 14-15.) Thus, Defendant contends Plaintiff has not shown that remand is warranted to reassess her RFC because the ALJ considered the record as a whole and reasonably concluded that the totality of the evidence supported an RFC for light work. (*Id*. at 15-17.)

Third, Defendant asserts the ALJ's Step Five determination is supported by substantial evidence. (*Id*. at 17-22.) The ALJ's exclusive reliance on the Medical-Vocational Guidelines at Step Five was proper where a claimant's non-exertional limitations do not significantly erode the range of work permitted by her exertional limitations. (*Id*. at 17-18.) The ALJ determined Plaintiff was able to perform a full range of light work without any additional exertional or non-exertional limitations and was therefore permitted to rely on the Medical-Vocational Guidelines at Step Five to conclude there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (*Id*.) The ALJ properly considered Plaintiff's mental impairments and determined that her generalized anxiety disorder and major depressive disorder were not severe and did not cause functional limitations that interfered with her ability to perform basic work activity. (*Id*. at 18-20.) Even if Plaintiff's mental impairments did cause greater limitations than those assessed by the ALJ, the medical opinion evidence in the record shows that Plaintiff was able to perform unskilled work which indicates the ALJ would still be able to rely on the Medical-Vocational Guidelines and Rule 202.20 would still direct a finding of not disabled. (*Id*. at 18, 20-22.)

## II.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence

standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920.

7

The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. Substantial Evidence Supports the ALJ's Analysis of the Opinion Evidence and Plaintiff's RFC

The Second Circuit has long recognized the 'treating physician rule' set out in 20 C.F.R. § 416.927(c). "'[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015)

8

(quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).  However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'" *Greek*, 802 F.3d at 375 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)).  The factors for considering opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant.  20 C.F.R. §§ 416.927(c)(1)-(6).

RFC is defined as "'what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)).  "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 11-CV-0927 (ESH), 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *8).

"An ALJ should consider 'all medical opinions received regarding the claimant.'" *Reider v. Colvin*, 15-CV-6517, 2016 WL 5334436, at *5 (W.D.N.Y. Sept. 23, 2016) (quoting *Spielberg*

9

*v. Barnhart*, 367 F. Supp. 2d 276, 281 (E.D.N.Y. 2005)). "The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek*, 802 F.3d at 375 (citing *Burgess*, 537 F.3d at 131). In assessing a plaintiff's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. *See Frey ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) (summary order) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 14-CV-0063 (MAD), 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

In June 2014, treating physician Dr. Powell noted Plaintiff's chronic back pain and that conservative treatment failed to that point. (T. 498.) He indicated he talked with her at length about weight loss and its continuing impact upon the progression of her DDD. (*Id*.) Dr. Powell also noted Plaintiff was likely not a surgical candidate and referred her to pain management. (*Id*.) He opined a moderate-to-marked impairment of 66 percent, indicating she was not to lift or carry anything over 10 pounds, should not stand or walk longer than 10 minutes, should not sit longer than 30 minutes, and should do no bending, stooping, or climbing. (T. 499.) The ALJ afforded little weight to Dr. Powell's opinion because, although he was a treating source, the extent of the restrictions he identified was inconsistent with the objective medical evidence

contained in progress notes. (T. 236, 496-99, 501.) The ALJ noted musculoskeletal examinations generally revealed some lumbar range of motion deficits but without neurological abnormalities and that Plaintiff's treatment was limited to conservative measures. (*Id*.)

In August 2014, consultative examiner Dr. Cuyler noted Plaintiff appeared to be in mild distress and was barely able to stand without using chairs and a table for leverage. (T. 588.) She had an abnormal gait, could not walk on her heels or toes, and could only squat 25 degrees. (T. 588.) She limped with her stance favoring her right foot and she was using the table as an assistive device. (*Id*.) However, she needed no help changing for the exam or getting on and off the exam table. (*Id*.) Upon examination, she had pain on flexion although she had full range of motion in her neck and she was only able to bend at the waist to 45 degrees. (T. 589.) Straight leg raise testing was positive at 40 degrees bilaterally in both the lying and sitting position and range of motion was positive in both hips. (*Id*.) She had full range of motion bilaterally in the elbows, wrists, hands, and ankles while the range of motion in her shoulders, back, and knees was limited. (*Id*.) She also had full strength in the upper and lower extremities with intact hand and finger dexterity. (T. 590.)

Dr. Cuyler diagnosed lumbosacral radiculopathy and thoracic radiculopathy by history, pain in the right hip and right knee by history, right heel spurs by history, anxiety and depression by history, and severe tendonitis in the right foot by history. (*Id*.) He opined that Plaintiff had mild-to-moderate difficulty in sitting, standing, walking, climbing stairs, bending, lifting, carrying, and kneeling. (*Id*.) The ALJ indicated that she afforded more weight to Dr. Cuyler's opinion, noting that although his findings were more significant than what was generally reflected in progress notes from the period at issue, the mild-to-moderate limitations he identified

11

were consistent with Plaintiff's level of care and her acknowledged activities of daily living including child care, meal preparation, driving, and cleaning. (T. 237, 274-275, 428-431.)

Plaintiff argues the ALJ erred in weighing the medical opinions of record and the RFC determination is not supported by substantial evidence. (Dkt. No. 11 at 14-21.) The Court finds these arguments unpersuasive for the following reasons.

First, contrary to Plaintiff's contentions, the ALJ's analysis of the opinion evidence indicates sufficient consideration of both Dr. Powell and Dr. Cuyler's opinions and the medical evidence of record. (T. 235-37.) The ALJ adequately summarized the evidence of record including the medical evidence, opinions, and Plaintiff's alleged limitations. (T. 235-37.) Further, the ALJ provided sufficient explanation of her RFC analysis, including multiple reasons for the weight afforded to each medical opinion. *Ferraris*, 728 F.2d at 587 (2d Cir. 1984). The ALJ was also entitled to rely on Dr. Cuyler's examining opinion in determining Plaintiff's RFC. *Frey ex rel. A.O.*, 485 F. App'x at 487.

Second, although Plaintiff contends the ALJ did not properly consider the regulatory factors when assessing Dr. Powell's opinion, the ALJ's decision indicates otherwise. (Dkt. No. 11 at 19.) The ALJ noted she had considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (T. 235.) The ALJ explicitly acknowledged Dr. Powell was a treating source, but noted the extent of the restrictions he identified were not consistent with the objective medical evidence contained in his progress notes. (T. 236, 496-99, 501.) Although the ALJ did not explicitly list each of the regulatory factors when assessing this opinion, her overall decision indicates she adequately considered the factors and supported her reasoning with sufficient analysis.

Third, the ALJ's RFC determination is further supported by her analysis discussing her conclusion that the medical evidence was not fully supportive of Plaintiff's alleged functional limitations. For example, the ALJ noted that, while x-rays and MRIs from the relevant period revealed right knee osteoarthritis, multilevel lumbar disc bulges and degenerative changes with some nerve involvement and thoracic disc bulges without nerve involvement, examinations of record generally indicated morbid obesity, tenderness, and limitation in range of motion without deficits in sensation or strength. (T. 236, 486-501, 581-86, 592-678, 720-42, 764-75, 831-95.) The ALJ also noted that, although abnormalities and positive straight leg raise tests were noted intermittently, Plaintiff's treatment history was limited to physical therapy, medication, and pain injections. (T. 236, 486-91, 496, 675.) While Plaintiff sought emergency care for back pain approximately eight times between January 2014 and September 2015, she was only prescribed medication and discharged the same day in all instances. (T. 236, 503, 515, 687, 743, 745, 762, 811, 824.) Finally, the ALJ noted that Dr. Moquin concluded in January 2016 that there was no indication for back surgery, but recommended Plaintiff pursue bariatric surgery to address obesity. (T. 236, 896-97.)

It was within the ALJ's purview to weigh the evidence of record and resolve any conflicts therein. *See Bliss v. Colvin*, 13-CV-1086 (GLS/CFH), 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *accord Petell v. Comm'r of Soc. Sec.*, 12-CV-1596 (LEK/CFH), 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). The ALJ provided sufficient reasoning for the conclusions she drew related to the medical and opinion evidence and her explanation is supported by the Court's review of the evidence cited by the ALJ. This Court will not now reweigh that evidence. *See Warren v.*

13

*Comm'r of Soc. Sec.*, 15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'"), *Report and Recommendation adopted by* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)); *Lewis v. Colvin*, 122 F. Supp. 3d 1, 7 (N.D.N.Y. 2015) (noting that it is not the role of a court to "re-weigh evidence" because "a reviewing court 'defers to the Commissioner's resolution of conflicting evidence' where that resolution is supported by substantial evidence) (quoting *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); citing *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)).

Fourth, Plaintiff's arguments suggest Dr. Cuyler's opinion was vague, making it difficult to determine how it actually differs from Dr. Powell's opinion, and therefore the ALJ substituted her own opinion for the competent medical opinion of Dr. Powell. (Dkt. No. 11 at 17.) The Court does not find support for either of these arguments. "Vague" terminology in a consultative opinion does not render the opinion necessarily useless. *Monroe v. Comm'r of Soc. Sec.*, 15-CV-1235 (GTS/WBC), 2016 WL 7971330, at *7-8 (N.D.N.Y. Dec. 29, 2016), *Report and Recommendation adopted by* 2017 WL 318838 (N.D.N.Y. Jan. 23, 2017)) (noting that, even where a "consultative examiner's opinion may use terminology that, on its face, is vague, such language does not render the consultative examiner's opinion useless in all situations" so long as

14

it is "well supported by his extensive examination" or it can be made "more concrete" by "the facts in the underlying opinion and other opinion evidence in the record") (citing *Zongos v. Colvin*, 12-CV-1007 (GLS/ESH), 2014 WL 788791, at *10 (N.D.N.Y. Feb. 25, 2014); *Waldau v. Astrue*, 11-CV-0925 (GLS), 2012 WL 6681262, at *4 (N.D.N.Y. Dec. 21, 2003); *Davis v. Massanari*, 00-CV-4330, 2001 WL 152495, at *8 (S.D.N.Y. Nov. 29, 2001)). The ALJ's analysis represents a careful consideration of the medical evidence and the two opinions of record relating to Plaintiff's physical limitations.

Finally, Plaintiff's argument pertaining to the lack of a medical source statement from pain management specialist Dr. Montalvo-Otano is similarly unsupported. (Dkt. No. 11 at 21.) Rather than representing an inference of a lack of limitations, the ALJ's notation indicates that Dr. Montalvo-Otano declined to complete a medical source statement consistent with disability even though Plaintiff and her father threatened legal action against the doctor. (T. 237, 872.) Indeed, the treatment notes indicate that it was communicated to Plaintiff and her father that it was company policy not to do any paperwork about disability or functional assessments and that, in response, she was noted as "quite aggressive and verbally assaultive to staff." (T. 872-73, 876, 891.)

For the reasons outlined above, the ALJ's analysis of the medical opinions and the resulting RFC are supported by substantial evidence. Remand is therefore not required on this basis.

### B. Substantial Evidence Supports the Step Five Finding

The burden shifts to the Commissioner at Step Five "'to show there is other work that [the claimant] can perform.'" *McIntyre*, 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)). "If a claimant has non-exertional limitations that 'significantly

15

limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986)). "However, the 'mere existence of a non-exertional impairment does not automatically . . . preclude reliance on the [Medical-Vocational] guidelines.'" *Zabala*, 595 F.3d at 410-11 (quoting *Bapp*, 802 F.2d at 603). "A non-exertional impairment 'significantly limits a claimant's range of work when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Zabala*, 595 F.3d at 410-11 (quoting *Bapp*, 802 F.2d at 605-06).

After determining the RFC, the ALJ found Plaintiff is unable to perform any past relevant work. (T. 237-38.) The ALJ then found Plaintiff could perform other jobs existing in significant numbers in the national economy based on an RFC for the full range of light work and Medical-Vocational Rule 202.21. (T. 238.) Plaintiff argues the ALJ erred in failing to procure VE testimony because there is a question regarding her abilities when combining her exertional and non-exertional limitations. (*Id.*) (Dkt. No. 11 at 21-22.) The Court disagrees.

First, the mere existence of Plaintiff's alleged mental impairments including generalized anxiety disorder, major depressive disorder, and learning disorder do not necessarily preclude the ALJ's reliance on the Medical-Vocational Guidelines. *Zabala*, 595 F.3d at 410-11 (quoting *Bapp*, 802 F.2d at 603). Second, the ALJ's analysis of Plaintiff's mental impairments at Steps Two and Three indicate careful consideration of the applicable medical and opinion evidence of record. (T. 232-34.) The ALJ found Plaintiff's medically determinable mental impairments to be non-severe and indicated that they caused no more than mild limitation in any of the first

three functional areas and no episodes of decompensation of extended duration. (T. 234.) The Court's review of the record supports this assessment. (*See, e.g.,* T. 543-80, 679-83, 966-68.)

Second, Plaintiff's arguments pertaining to her alleged mental limitations fail to articulate a harmful error committed by the ALJ in her analysis of these limitations or her consideration of the applicable medical and opinion evidence of record pertaining to non-exertional limitations. (Dkt. No. 11 at 21-22.) Rather, Plaintiff summarily states that her combined impairments can result in excessive absenteeism and time-off-task in a competitive work setting, but, within her argument, points to no support in the record for such a statement. (*Id*. at 22.) The ALJ provided sufficient explanation for her findings regarding Plaintiff's medically determinable mental impairments and, again, this Court declines any invitation to reweigh the evidence before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9. For the above reasons, the Court finds that the ALJ's Step Five finding is supported by substantial evidence. Remand is therefore not required on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**, and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 13, 2018
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge